IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID T. and LELAND J. BARCHANOWICZ, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CASE NO. 1:05cv1232 |
| FREIGHTLINER TRUCKS OF DOTHAN, INC., DAIMLERCHRYSLER SERVICES NORTH AMERICA LLC, et al., | ) ) ) ) |
| Defendants. | ) ) ) |

RECEIVED 2005 DEC 28 A 10: 06

## NOTICE OF REMOVAL

COMES the Defendant, DaimlerChrysler Services North America LLC (hereinafter "DCS"), and gives notice of the removal of this case to the United States District Court for the Middle District of Alabama, Southern Division, and avers as follows:

1. DCS is a limited liability company with its principal place of business in Michigan and was formed under the laws of the state of Michigan. It has no member or manager that is a resident citizen of the state of Alabama. It is not a resident citizen of the state of Alabama.

2. The Plaintiffs, David T. Barchanowicz and Leland J. Barchanowicz, are resident citizens of the state of Alabama.

3. The Defendant, Commercial Recovery Systems, Inc. (hereinafter "CRS"), is a corporation incorporated under the laws of the state of Texas with its principal place of business in Texas. It is not a resident citizen of the state of Alabama.

4. The Defendant, Freightliner Trucks of Dothan, Inc. (hereinafter "Freightliner"), is out of business and dissolved since the year to-wit 2000, has not been doing business since the year to-wit 2000, and is no longer a legal entity, based on the best understanding, knowledge, and belief of DCS. Also, Defendant, Freightliner, has not committed any acts that would render it liable to the Plaintiffs under the Plaintiffs' claims in this case. Therefore, that Defendant, Freightliner, is fraudulently joined as a Defendant in this case since Plaintiffs could not obtain or recover any judgment against it.

5. The Plaintiffs filed a lawsuit in the Circuit Court of Houston County, Alabama against the Defendants, DCS and CRS, on to wit November 3, 2005. A copy of the Summons and Complaints filed by Plaintiffs and served on Defendant, DCS on December 6, 2005, is attached hereto and made a part hereof as Exhibit "1." The service of the Summons and Complaint on Defendant, DCS, was accomplished less than 30 days before the filing of this Notice of Removal, and that service was the first notice of this lawsuit, and the Plaintiffs' claims that DCS had. All of the pleadings, process, orders, and other documents in this lawsuit served on the Defendant, DCS, by the Plaintiffs are attached hereto and made a part hereof as Exhibit "1."

6. The claims of the Plaintiffs against the Defendants include claims of lost income, mental and emotional anguish, compensatory damages, and punitive damages. These claims consist of breach of contract (Count One), defamation/libel (Count Two), invasion of privacy (Count Three), negligent and wanton hiring, training, supervision, and retention (Count Four), negligence and wanton misconduct (Count Five), misrepresentation and fraud (Count Six), and suppression of material facts (Count Seven). The underlying claims of the Plaintiffs according to the Complaint are that the Plaintiffs settled a claim on a debt owing by the Plaintiffs

to DCS through an alleged agreement Plaintiffs made with the Defendants, DCS and CRS, that the said Defendants, DCS and CRS, represented and agreed to report to the credit bureaus that the Plaintiffs' debt had been settled and that there was no remaining balance owing to DCS, and that the said Defendants, DCS and CRS, failed and refused to do this, and committed fraud, libel, slander, breach of contract, invasion of privacy, and/or were guilty of negligent and wanton hiring, training, supervision, and retention of their employees. Although not specified in the Complaint of Plaintiffs, these claims filed by the Plaintiffs in the Complaint in this case involve an amount in controversy greater than $75,000, excluding interest and costs. Similar cases tried in Alabama courts have resulted in verdicts much greater than $75,000.[1]

---

[1] See, Gallant v. Prudential Ins. Co. of N. Am., 1994 WL 180709 (LRP Jury) (Circuit Court, Barbour Cty., 1994) (plaintiff's verdict of $25.4 million in fraud action); Johnson v. Mercury Finance Co., 1994 WL 546665 (LRP Jury) (Circuit Court, Barbour Cty., 1994) (verdict of $50 million); McAllister v. Liberty Nat. Life Ins. Co., 1993 WL 764000 (LRP Jury) (Circuit Court, Mobile Cty., 1993) (plaintiff's verdict of over $1 million); Lindblom v. Intercontinental Life Ins. Co., 598 So. 2d 886 (Ala. 1992) ($990,000 in punitive damages on fraud and bad faith claims); Union Mortgage Company, Inc. v. Bartow, 595 So. 2d 1335 (Ala. 1992) ($6,001,000 in punitive damages on claim of fraud); Allstate Ins. Co. v. Hilley, 595 So. 2d 873 (Ala. 1992) ($2,000,000 on claim of fraudulent misrepresentation); Smith v. States General Life Ins. Co., 592 So. 2d 1021 (Ala. 1992) ($250,000 in punitive damages on fraud claim); Fraser v. Reynolds, 588 So. 2d 448 (Ala. 1991) ($375,000 in punitive damages in case alleging fraud); United Companies Financial Corp., Inc. v. Brown, 584 So. 2d 470 (Ala. 1991) ($250,000 in punitive damages on claims of fraud and breach of contract); Standard Plan, Inc. v. Tucker, 582 So. 2d 1024 (Ala. 1991) ($500,000 in punitive damages on claim of bad faith); Fuller v. Preferred Risk Life Ins. Co., 577 So. 2d 878 (Ala. 1991) ($1,000,000 in punitive damages on claims of bad faith and fraud); Massachusetts Mutual Life Ins. Co. v. Collins, 575 So. 2d 1005 (Ala. 1990) ($750,000 where insured was allegedly fraudulently induced); Thomas v. Principal Financial Group, 566 So. 2d 735 (Ala. 1990) ($750,000 in punitive damages on claim of bad faith); F&S Facilities, Inc. v. Precision Chipper Corp., 565 So. 2d 54 (Ala. 1990) ($875,000 against independent insurance agent and $875,000 against managing general agent for insurer); Green Tree Acceptance, Inc. v. Standridge, 565 So. 2d 38 (Ala. 1990) ($475,000 against credit company); Land & Associates, Inc. v. Simmons, 562 So. 2d 140 (Ala. 1989) ($600,000 in punitive damages on claims of fraud and bad faith); Porter v. Hook, 554 So. 2d 382 (Ala. 1989) ($1,000,000 in punitive damages on claim for fraud); Health America v. Menton, 551 So. 2d 235 (Ala. 1989) ($1,797,588 in punitive damages on claim for fraud); Health America v. Menton, 551 So. 2d 235 (Ala. 1989) ($1,797,588 in punitive damages on claim for fraud); Vintage Enterprise, Inc. v. Take, 547 So. 2d 1169 (Ala. 1989) ($500,000 in punitive damages); State Farm Auto, Inc. v. Robbins, 541 So. 2d 477 (Ala. 1989) ($500,000 on claims of bad faith and fraud); Foster v. Life Ins. Co. of Ga., 1992 WL 693439 (LRP Jury) (Circuit Court, Mobile Cty., 1992) (plaintiff's verdict of $1.25 million); and Barlow v. Union Mortgage Co., 1991 WL 446411 (LRP Jury) (Circuit Court, Lowndes Cty., 1991) (plaintiff's verdict of $6.1 million). Therefore, even though Plaintiffs herein fail to allege in the Complaint a specific amount in controversy, Plaintiffs' claims do involve an amount in controversy of greater than $75,000.00

7. The Defendant, CRS, consents to the removal of this case to federal court by the filing of this Notice of Removal by DCS. The Plaintiffs have fraudulently joined the Defendant, Freightliner, since it was dissolved in the year 2000, and this Court can ignore the citizenship of that Defendant in determining this Notice of Removal.

8. Under 28 U.S.C. § 1332 and under 28 U.S.C. § 1441 through 1446, the Defendant, DCS, is removing this case to the United States District Court for the Middle District of Alabama based upon the fact that this is a matter where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. DCS has notified and has filed with the Circuit Court of Houston County, Alabama notice of the removal of this case to this federal court.

WHEREFORE, Defendant, DCS, prays that this Court will take notice that this case has been removed to the United States District Court for the Middle District of Alabama and will take jurisdiction over this case and will resolve all of the issues in this Court.

Respectfully submitted,

_____
C. Lee Reeves (Bar No. REEVESCL)
Attorney for Defendant
DaimlerChrysler Services North America LLC

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:  (205) 930-5100
Fax:  (205) 930-5335

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing has been served upon the following counsel for all parties to this proceeding by mailing a copy of same United States mail, properly addressed and first-class postage prepaid, this the 28th day of December 2005:

Gregory B. McCain, Esq.
Law Offices of Gregory B. McCain, P.C.
204 N. Lena Street
P.O. Box 1331
Dothan, AL 36302

W. Todd Harvey, Esq.
Whatley Drake, L.L.C.
2323 2nd Avenue North
Birmingham, AL 35203

David E. Rains, Esq.
Tanner & Guin LLC
2711 University Blvd.
P.O. Box 3206
Tuscaloosa, AL 35403-3206

Freightliner Trucks of Dothan, Inc.
c/o Thomas Bledsoe
105 Bayberry Lane
Dothan, AL 36305

                                                                                        */s/ C. Lee Reeves*
                                                                                         Of Counsel