IN THE CIRCUIT COURT
OF HOUSTON COUNTY, ALABAMA

**FILED**

NOV 03 2005

Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

| | |
|---|---|
| DAVID T. & LELAND J. BARCHANOWICZ, ) ) ) | |
| PLAINTIFFS, ) ) | |
| VS. ) ) | CIVIL ACTION NO. CV05-680W |
| FREIGHTLINER TRUCKS OF DOTHAN, INC.; DAIMLER-CHRYSLER SERVICES NORTH AMERICA L.L.C.; COMMERCIAL RECOVERY SYSTEMS, INC.; and Fictitious Party Defendants "A" through "U", ) ) ) ) ) ) ) ) ) | JURY TRIAL REQUESTED |
| DEFENDANTS. ) | |

## COMPLAINT

COME NOW, Plaintiffs David and Leland Barchanowicz (hereinafter "Plaintiffs") and for their complaint against named and fictitious party defendants state the following:

## PARTIES

1. Plaintiffs, David and Leland Barchanowicz (hereinafter "Plaintiffs"), are individuals over the age of nineteen (19) and residents of Montgomery County, Alabama.

2. Defendant Freightliner Trucks of Dothan, Inc., (hereinafter "Freightliner Trucks"), was an Alabama Business Corporation, whose primary place of business was located in Houston County, Alabama.

3. Defendant Commercial Recovery Systems, Inc. (hereinafter referred to as "Commercial Recovery Systems"), is a Foreign Corporation, whose primary place of

-1-

business is Dallas, Texas and does business in the State of Alabama.

4. Defendant DaimlerChrysler Services North America LLC (hereinafter "DaimlerChrysler"), is a Foreign Corporation, whose primary place of business is Southfield, Michigan, and does business in the State of Alabama. DaimlerChrysler can be served at: 2000 Interstate Park Drive, Suite 204; Montgomery, AL 36109.

5. Defendants fictitiously described as "A", "B", "C", "D", "E", "F", "G", "H", "I", "J", "K", "L", "M", "N", "O", "P", "Q", "R", "S", "T", and "U" are otherwise unknown to Plaintiffs at this time and their true and correct names will be substituted by amendment when the aforesaid information is ascertained.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court as the matter alleged involves an amount in excess of $10,000.00.

7. Venue is proper in the Circuit Court for Houston County in that Freightliner Trucks of Dothan, Inc. was located in Houston County and the injuries suffered by David and Leland Barchanowicz at issue in this lawsuit occurred in Houston County.

## FACTS

8. On or about November 12, 1998, the Plaintiffs entered into a Lease Agreement with Freightliner Trucks and DaimlerChrysler for the Lease of a 1999, White Freightliner Diesel Tractor, VIN No. 1FUYSSZB9XPA10567.

9. The said truck was defective and repeatedly required protracted and costly repairs. The truck could not operate and could not generate income, thus making the Lease

Agreement (and the truck) of no use to the Plaintiffs.

10.  By agreement, the Plaintiffs voluntarily surrendered the truck to Mercedes Benz Credit Corporation, an entity specified by the Defendants, on December 1, 2001. The said truck was disposed of by the Defendants leaving a deficiency owed of $50,456.84 on Plaintiffs' Account Number 012005603301200001 (1599573) 39. The acknowledgement of Plaintiffs' voluntary surrender is attached hereto as "Exhibit A."

11.  On September 9, 2002, Commercial Recovery Systems, on behalf of DaimlerChrysler, offered Plaintiffs "full and final settlement" of Plaintiffs' account in exchange for Plaintiffs' payment of the sum of $10,000.00. The letter stated, "[A]ll derogatory credit information regarding this account will reflect the account to be settled. Please allow ninety (90) days for credit information to be updated." The letter is attached hereto as "Exhibit B".

12.  On September 10, 2002, the Plaintiffs wired the sum of $10,000.00 to Commercial Recovery Systems, Inc., which, according to the September 9, 2002 agreement, constituted full and final settlement of the alleged deficiency balance relating to the truck.

13.  The Defendants failed to report the matter as "full and final settlement" to the credit reporting agency(s). In early 2003, Plaintiffs discovered that the Defendants had failed or refused to report that the matter had been paid as a full and final settlement of the disputed deficiency balance.

14.  Plaintiffs thereafter contacted the Defendants and notified them that the adverse information had not been removed from Plaintiffs' credit files with the credit reporting

-3-

agencies. On August 5, 2003, Defendants provided Plaintiffs with a letter acknowledging that the matter had been resolved for $10,000.00 as a full and final settlement of the disputed deficiency balance and that all derogatory credit information regarding the account would reflect that the account had been settled. (The letter also indicated that the Plaintiffs should allow ninety (90) days for the credit information to be updated.) That letter is attached hereto as "Exhibit C".

15. Sometime subsequent to November 4, 2003, the Plaintiffs acquired a report of their credit rating, and such report stated that Plaintiffs suffered from a $40,194.00 deficiency as a result from repossession of the truck. After this time, Plaintiffs became aware that the Defendants had failed and/or refused to correctly report to the credit agencies that the account had been settled as indicated in the letter of August 5, 2003.

16. Plaintiffs' credit report was made available to all subscribers of credit reporting agencies including, but not limited to, Transunion, Experian and Equifax. Most of these subscribers are businesses or lending institutions. This inaccurate information resulted in injury to the Plaintiffs' credit reputation and limited their ability to transact business on a credit basis with those businesses that have knowledge of the credit report.

17. The credit report published to the above-named credit reporting agencies by the Defendants identified the Plaintiff, David Barchanowicz by name and listed his home address, and other items of identification that specifically related the inaccurate credit information to the Plaintiffs. Plaintiffs have attempted repeatedly to obtain loans, credit and financial advances from various businesses. Plaintiffs have been repeatedly turned down in

their attempts to obtain credit based on the adverse credit information contained in Plaintiff, David Barchanowicz's credit reports.

18. The Plaintiffs have suffered mental anguish, emotional distress, shame and humiliation, have lost business opportunities, have suffered lost income and have been forced to endure extreme financial hardship.

19. A substantial part of the acts, omissions or events giving rise to this lawsuit occurred in Houston County, Alabama.

## COUNT ONE

## BREACH OF CONTRACT

20. Plaintiffs hereby restate and allege each and every allegation set forth above, with the same force and effect as if herein repeated and set forth at length.

21. By its letters of September 9, 2002, Commercial Recovery Systems and Fictitious Parties, both named and fictitiously described, acting in concert and/or as agents of Defendants, Freightliner Trucks of Dothan, Daimler-Chrysler-Benz, and Fictitious Parties, offered to settle the matter in exchange for the payment of a specified sum and in exchange for the Plaintiffs dropping their allegations pertaining to the condition and non-conformance of the truck made the subject of this lawsuit.

22. This constituted a Novation Contract which replaced the terms of the prior existing contract. A Novation is recognized under Alabama Law and an action will lie for its breach.

23. The Plaintiffs paid the sum of money stated in the offer and thus, the Novation

Contract became binding upon the Defendants.

24. The Defendants breached the contract thus created by refusing or failing to report the matter as fully and finally settled, as stated in their offer of September 9, 2002.

25. As a proximate result of the Defendants breach of the Novation Contract, the Plaintiffs were caused to suffer the following damages: bad credit, lost business opportunities, lost income, and damage to their professional reputation.

WHEREFORE, premises considered, Plaintiffs demand judgment against Defendants for a sum on their behalf for compensatory and punitive damages, plus interest and costs of court, in an amount to be determined by a jury. To the extent there are any insurance policies and/or any proceeds from insurance policies covering the dissolved corporation, Defendant Freightliner Trucks of Dothan, Plaintiffs demand compensatory and punitive damages, plus interest and costs of court from said proceeds.

## COUNT TWO

## DEFAMATION/LIBEL

26. Plaintiffs hereby restate and allege each and every allegation set forth above, with the same force and effect as if herein repeated and set forth at length.

27. The Defendants, Freightliner Trucks, Daimler-Chrysler-Benz, Commercial Recovery Systems, and Fictitious Parties, acting in concert and/or as agents of the others, refused and/or failed to notify the above-mentioned credit reporting agencies to correct inaccurate information after the Plaintiffs demanded that they do so and after Defendants contracted with Plaintiffs to do so.

36. Defendants, both named and fictitiously described, owed a duty to the Plaintiffs to use reasonable care to determine the qualifications, skills, abilities and employment history, of its agents and employees, prior to hiring any such agent or employee. Defendants breached that duty and failed to use reasonable care to determine the qualifications, skills, abilities and employment history of its agents and employees.

37. Defendants, both named and fictitiously described, owed a duty to the Plaintiffs to thoroughly investigate the past work history of its agents and employees to ensure that its agents properly and professionally represent the corporate defendants and are capable of honestly, accurately and fairly transacting business with the general public. Defendants breached that duty and failed to thoroughly investigate the past work history of its agents and employees to ensure that its agents properly and professionally represent the corporate defendants and are capable of honestly, accurately and fairly transacting business with the general public.

38. Defendants, both named and fictitiously described, owed a duty to the Plaintiffs to promptly conduct a thorough and timely investigation into any allegations of wrongful conduct on the part of its agents and employees. Defendants breached that duty and failed to promptly conduct a thorough and timely investigation into the allegations of wrongful conduct on the part of its agents and employees.

39. Defendants, both named and fictitiously described, owed a duty to the Plaintiffs to promptly act to protect the best interests of its customers upon reports of, suspicion of and/or confirmation of any wrongdoing on the part of one of its agents or employees.

Defendants breached that duty and failed to act promptly to protect the best interests of Plaintiffs upon reports of, suspicion of and/or confirmation of any wrongdoing on the part of one of its agents or employees.

40. Defendants, both named and fictitiously described, owed a duty to the Plaintiffs to adequately or properly supervise its agents, including, but not limited to, those who are responsible for reporting inaccurate information on consumer credit reports to the aforementioned credit reporting agencies. Defendants breached that duty and failed to adequately and properly supervise its agents.

41. Plaintiffs aver that the Defendants, both named and fictitiously described, negligently or wantonly investigated, hired, trained, supervised and/or retained its agents. Said negligent or wanton conduct proximately caused Plaintiffs to suffer damages, financial loss, economic hardship and mental anguish.

WHEREFORE, premises considered, Plaintiffs demand judgment against Defendants, both named and fictitiously described, separately and severally, for compensatory and punitive damages, in an amount to be determined by a struck jury, plus interest from the date of injury, costs and any other relief to which Plaintiffs may be entitled. To the extent there are any insurance policies and/ or any proceeds from insurance policies covering the dissolved corporation, Defendant Freightliner Trucks of Dothan, Plaintiffs demand compensatory and punitive damages, plus interest and costs of court from said proceeds.

## COUNT FIVE

### NEGLIGENCE AND WANTONNESS

42. Plaintiffs hereby restate and allege each and every allegation set forth above, with the same force and effect as if herein repeated and set forth at length.

43. The Defendants, both named and fictitiously described, owed a duty to the Plaintiffs to use due care in providing credit information to credit reporting agencies.

44. The Defendants negligently and/or wantonly allowed negative and false credit information about the Plaintiffs to be reported to third parties.

45. The actions of the Defendants had as a proximate result the injuries and damages inflicted on the Plaintiffs as alleged in the above paragraphs of this complaint.

WHEREFORE, premises considered, Plaintiffs demand judgment against Defendants, both named and fictitiously described, separately and severally, for compensatory and punitive damages, in an amount to be determined by a struck jury, plus interest from the date of injury, costs and any other relief to which Plaintiffs may be entitled. To the extent there are any insurance policies and/or any proceeds from insurance policies covering the dissolved corporation, Defendant Freightliner Trucks of Dothan, Plaintiffs demand compensatory and punitive damages, plus interest and costs of court from said proceeds.

## COUNT SIX

### MISREPRESENTATION

46. Plaintiffs hereby restate and allege each and every allegation set forth above, with the same force and effect as if herein repeated and set forth at length.

47. At the times and places set out in the preceding paragraphs of this Complaint, the Defendants, including both named and fictitiously described, misrepresented, either

intentionally, negligently or recklessly without knowledge, the following present, material fact to the Plaintiffs:

    (a)    failing to correct inaccurate information concerning the Plaintiffs account to the credit reporting agencies.

48. Plaintiffs relied upon the above present, material fact to their detriment.

49. Damages to Plaintiffs occurred as a direct, proximate consequence of the intentional and/or reckless material misrepresentations of present, material facts by named and fictitiously described Defendants. Plaintiffs' damages consist of loss of income and business, financial hardship, as well as mental and emotional anguish.

WHEREFORE, premises considered, Plaintiffs demand judgment against Defendants for punitive and compensatory damages in an amount to be determined by a jury, plus interest and costs. To the extent there are any insurance policies and/ or any proceeds from insurance policies covering the dissolved corporation, Defendant Freightliner Trucks of Dothan, Plaintiffs demand compensatory and punitive damages, plus interest and costs of court from said proceeds.

## COUNT SEVEN

## SUPPRESSION

50. Plaintiffs hereby restate and allege each and every allegation set forth above, with the same force and effect as if herein repeated and set forth at length.

51. At the times and places set out in the facts portion of the Complaint, the following present material fact was suppressed by the Defendants, including those named and

fictitiously described Defendants, from the Plaintiffs:

 (a) Defendants refused and/or failed to correct inaccurate information concerning the Plaintiffs account to the credit reporting agencies.

52. Defendants suppressed the above-noted relevant, material fact despite a duty to fully disclose same.

53. Said negligent or wanton conduct proximately caused Plaintiffs to suffer damages, financial loss, economic hardship and mental anguish.

WHEREFORE, premises considered, Plaintiffs demand judgment against Defendants for punitive and compensatory damages in an amount to be determined by a jury, plus interest and costs. To the extent there are any insurance policies and/ or any proceeds from insurance policies covering the dissolved corporation, Defendant Freightliner Trucks of Dothan, Plaintiffs demand compensatory and punitive damages, plus interest and costs of court from said proceeds.

## COUNT EIGHT

### FICTITIOUS PARTIES

54. Plaintiff hereby restates and alleges each and every allegation set forth above, with the same force and effect as if herein repeated and set forth at length.

55. There may be other entities whose true names and identities are unknown to Plaintiffs at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the Plaintiffs when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiffs will designate

these parties in accordance with Rule 9(h) of the Alabama Rules of Civil Procedure. The word "entity" as used herein is intended to refer to and include and all legal entities, including individual persons, any all forms of partnerships, and any and all types of corporations and unincorporated associations. The symbol by which these party defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity". In the present action, the party defendants which the Plaintiffs must include by descriptive characterization are as follows: "A", "B", and "C", being the correct legal name of Defendants, known only to the Plaintiffs as Freightliner Trucks, Daimler-Chrysler/ Mercedes, Commercial Recovery Systems, "D", "E", and "F", whether singular or plural, being the person, corporation, firm, association, or other entity who reported false information about the Plaintiffs to third parties and thereby defamed Plaintiffs' reputation; "G", "H" and "I", whether singular or plural, being the person, corporation, firm, association, or other entity who invaded the Plaintiffs' privacy by intruding into the seclusion and solitude of the Plaintiffs' private affairs by conducting debt collection and reporting measures against the Plaintiffs' and thereby causing Plaintiffs damage; "J", "K" and "L", whether singular or plural, being the person, corporation, firm, association, or other entity who negligently and/or wantonly allowed negative and false credit information about the Plaintiffs to be reported to third parties; "M", "N", and "O", whether singular or plural, being the person, corporation, firm, association, or other entity who made intentional and/or reckless misrepresentations and/or suppressed or concealed the truth from Plaintiffs; "P", "Q", and "R", whether

-14-

singular or plural, being the person, corporation, firm, association, or other entity who negligently or wantonly hired, supervised including training and monitoring, and retained the agent who committed the acts or omissions alleged in this complaint; "S", "T", and "U", whether singular or plural, being the person, corporation, firm, association, or other entity who is the alter ego or the predecessor or successor in interest to any of the above-named fictitious Defendants.

56.     The wrongful conduct on behalf of the Defendants, both named and fictitious, described herein combined and concurred to proximately cause the Plaintiffs to suffer financial loss, economic hardship and mental anguish.

## DEMAND FOR RELIEF

WHEREFORE, premises considered, Plaintiffs demand judgment against Defendants, both named and fictitious, for compensatory damages and punitive damages, plus interest and costs.

_____
GREGORY B. MCCAIN MCC086
Attorney for Plaintiffs
David and Leland Barchanowicz


_____
W. TODD HARVEY HAR194
Attorney for Plaintiffs
David and Leland Barchanowicz

OF COUNSEL:
Law Offices of Gregory B. McCain, P.C.
204 N. Lena Street
P. O. Box 1331
Dothan, AL 36302
(334) 673-8522

W. Todd Harvey
Whatley Drkae, L.L.C.
2323 2nd Avenue North
Birmingham, AL 35203
(205) 823-9576

### PLAINTIFFS DEMAND TRIAL BY STRUCK JURY

/s/ Gregory B. McCain
OF COUNSEL

SERVE DEFENDANTS AS FOLLOWS:

Freightliner Trucks of Dothan, Inc.
Registered Agent: (Via Personal Service/Sheriff's Office)
Thomas Bledsoe
105 Bayberry Lane
Dothan, Alabama 36305

Commercial Recovery Systems, Inc.
Registered Agent: (Via Certified Mail)
Wade A. Thornhust
8035 E.R.L. Thornton
Suite 216
Dallas, Texas 75228

Daimler Chrysler Services North American, L.L.C.
Registered Agent: (Via Personal Service/Sheriff's Office)
The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109