IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID T. and LELAND J. BARCHANOWICZ,<br><br>    Plaintiffs,<br><br>v.<br><br>FREIGHTLINER TRUCKS OF DOTHAN, INC., DAIMLERCHRYSLER SERVICES NORTH AMERICA LLC, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 1:05-CV-1232<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER OF DEFENDANT, DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC, TO COMPLAINT**

COMES the Defendant, DaimlerChrysler Financial Services Americas LLC, successor by merger to and formerly known as DaimlerChrysler Services North America LLC (hereinafter "DFS"), and files this Answer to the Complaint, paragraph by paragraph, as follows:

**PARTIES**

1. DFS admits the allegations of paragraph 1 of the Complaint.

2. DFS denies the allegations of paragraph 2 of the Complaint and demands strict proof thereof.

3. DFS admits the allegations of paragraph 3 of the Complaint.

4. DFS denies the allegations of paragraph 4 of the Complaint since it is not a foreign corporation. It is a limited liability company organized and established under the laws of the state of Michigan with its principal place of business in Michigan.

5. These allegations are not directed at DFS and thus require no response.

## JURISDICTION AND VENUE

6. DFS avers that the United States District Court for the Middle District of Alabama has jurisdiction.

7. DFS denies that venue is proper with the filing of this action since Freightliner Trucks of Dothan, Inc. was dissolved in the year 2000 and has not been reincorporated. DFS denies all of the other allegations in paragraph 7 of the Complaint and demands strict proof thereof.

## FACTS

8. DFS admits the allegations of paragraph 8 of the Complaint.

9-19. DFS denies the allegations of paragraphs 9-19 of the Complaint and demands strict proof thereof.

## COUNT ONE

## BREACH OF CONTRACT

20. For answer to paragraph 20 of the Complaint, DFS incorporates herein all of its responses to paragraph 1-19 of the Complaint as set out above.

21-25. DFS denies the allegations of paragraphs 21-25 of the Complaint and demands strict proof thereof.

## COUNT TWO

## DEFAMATION/LIBEL

26. For answer to paragraph 26 of the Complaint, DFS incorporates herein all of its responses to paragraphs 1-25 of the Complaint as set out above.

27-30. DFS denies all of the allegations contained in paragraphs 27-30 of the Complaint and demands strict proof thereof.

## COUNT THREE

## INVASION OF PRIVACY

31. For answer to paragraph 31 of the Complaint, DFS incorporates herein all of its responses to paragraphs 1-30 of the Complaint as set out above.

32-34. DFS denies all of the allegations contained in paragraphs 32-34 of the Complaint and demands strict proof thereof.

## COUNT FOUR

## NEGLIGENT AND WANTON HIRING, TRAINING, SUPERVISION AND RETENTION

35. For answer to paragraph 35 of the Complaint, DFS incorporates herein all of its responses to paragraphs 1-34 of the Complaint as set out above.

36-41. DFS denies all of the allegations contained in paragraphs 36-41 of the Complaint and demands strict proof thereof.

## COUNT FIVE

## NEGLIGENCE AND WANTONNESS

42. For answer to paragraph 42 of the Complaint, DFS incorporates herein all of its responses to paragraphs 1-41 of the Complaint as set out above.

42-45 DFS denies all of the allegations contained in paragraphs 42-45 of the Complaint and demands strict proof thereof.

## COUNT SIX

## MISREPRESENTATION

46. For answer to paragraph 46 of the Complaint, DFS incorporates herein all of its responses to paragraphs 1-45 of the Complaint as set out above.

47-49. DFS denies all of the allegations contained in paragraphs 47-49 of the Complaint and demands strict proof thereof.

### COUNT SEVEN

### SUPPRESSION

50. For answer to paragraph 50 of the Complaint, DFS incorporates herein all of its responses to paragraphs 1-49 of the Complaint as set out above.

51-53. DFS denies all of the allegations contained in paragraphs 51-53 of the Complaint and demands strict proof thereof.

### COUNT EIGHT

### FICTITIOUS PARTIES

54. For answer to paragraph 54 of the Complaint, DFS incorporates herein all of its responses to paragraphs 1-53 of the Complaint as set out above.

55-56. DFS denies all of the allegations contained in paragraphs 55-56 of the Complaint and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint is barred for reason that the Complaint, and each count thereof, separately and severally, fail to state a claim against DFS upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred for reason of the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred for reason of settlement.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred for reason of waiver.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred for reason of ratification.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred for reason of a supervening intervening cause not caused by DFS nor under the control of DFS.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred for reason of the fact that Plaintiffs' contributory negligence was a cause of the alleged damages to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are due to be dismissed and/or transferred for reason of incorrect venue.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred for reason of lack of consideration.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred for reason of estoppel.

s/ C. Lee Reeves
C. Lee Reeves
Attorney for Defendant
DaimlerChrysler Financial Services
Americas LLC

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:  (205) 930-5100
Fax:  (205) 930-5335

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and I hereby certify that I have mailed by U.S. mail the foregoing to the following:

    Gregory B. McCain, Esq.
    Law Offices of Gregory B. McCain, P.C.
    204 N. Lena Street
    P.O. Box 1331
    Dothan, AL  36302

    W. Todd Harvey, Esq.
    Whatley Drake, L.L.C.
    2323 2nd Avenue North
    Birmingham, AL  35203

    David E. Rains, Esq.
    Tanner & Guin LLC
    2711 University Blvd.
    P.O. Box 3206
    Tuscaloosa, AL  35403-3206

and I hereby certify that I have mailed by U.S. mail the foregoing to the following non CM/ECF participant:

    Freightliner Trucks of Dothan, Inc.
    c/o Thomas Bledsoe
    105 Bayberry Lane
    Dothan, AL  36305

                                                s/ C. Lee Reeves
                                               Of Counsel