IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID T. and LELAND J. BARCHANOWICZ,** | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE NO. 1:05-cv1232-MHT |
| **FREIGHTLINER TRUCKS OF DOTHAN, INC., DAIMLERCHRYSLER SERVICES NORTH AMERICA LLC, et al.,** | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**MOTION TO COMPEL ARBITRATION AND MOTION TO STAY OR
FOR DISMISSAL OF THESE PROCEEDINGS**

COMES the Defendant, DaimlerChrysler Financial Services Americas LLC, successor by merger to and formerly known as DaimlerChrysler Services North America LLC, successor by merger to Mercedes-Benz Credit Corporation (hereinafter "DFS"), and moves this Court for an Order compelling the Plaintiffs to arbitrate all of their claims against this Defendant, DFS. As grounds in support hereof, DFS avers as follows:

1. The Plaintiff, David Barchanowicz, signed a lease agreement with Freightliner Trucks of Dothan (hereinafter "FTOD") on November 12, 1998. A copy of that lease agreement is attached hereto as Exhibit "A." As a part of the negotiations and ultimate execution of the said lease agreement between Plaintiff, David Barchanowicz, and FTOD, and at approximately the same time, said Plaintiff signed an arbitration agreement with FTOD. Neither FTOD nor DFS currently has a copy of the fully executed arbitration agreement, both of them having misplaced their files. FTOD has dissolved and gone out of business in the year 2000. DFS simply cannot locate all of its file on the transaction with Plaintiff, David Barchanowicz,

but was able to locate some of the documents including the Lease Agreement (Exhibit "A" hereto).

2. Attached hereto as Exhibits "B" and "C" are the affidavits of Mike Owen and Janice Wood, respectively. According to their affidavits, Plaintiff, David Barchanowicz, signed a written arbitration agreement, a copy of which blank form arbitration agreement is attached as Exhibit 2 to each of their affidavits.

3. The lease agreement, as well as the arbitration agreement and other contracts and contract rights which FTOD had in the lease transaction with David Barchanowicz, were assigned to Mercedes-Benz Credit Corporation (hereinafter "MBCC"), which financed the lease for David Barchanowicz. MBCC merged into DaimlerChrysler Services North America LLC, which in turn merged in DaimlerChrysler Financial Services Americas LLC. Title to the truck made the subject of the lease agreement attached hereto as Exhibit "A" was transferred by FTOD to DFS, along with transferring and assigning all of FTOD's contracts and contract rights in and to the documents related to that lease agreement. See affidavits of Mike Owen and Janice Wood, attached hereto as Exhibits "B" and "C," respectively, and affidavit of Denise Barrett, attached hereto as Exhibit "D."

4. Under the terms of the arbitration agreement signed by Plaintiff, David Barchanowicz (attached as Exhibit 2 to the affidavits of Mike Owen and Janice Wood (Exhibits "B" and "C," respectively), and then transferred and assigned by FTOD to DFS, the Plaintiff agreed to arbitrate the dispute made the subject of this lawsuit. In particular, that arbitration agreement signed by Plaintiff, David Barchanowicz, states in relevant part as follows:

> Buyer/lessee and dealer agree that all claims, demands, disputes, or controversies <u>of every kind or nature that may arise between them concerning</u> any of the <u>negotiations leading</u> to the sale, <u>lease</u> or financing of the Equipment, the <u>terms and provisions of the sale,</u>

> <u>lease</u> or financing agreement, arrangements for financing, purchase of insurance, purchase of extended warranties or service contracts, the performance or condition of the Equipment, <u>or any other aspects of the Equipment and its sale, lease</u> or financing may be settled by binding arbitration as provided herein and conducted pursuant to the provisions of 9 U.S.C., Section 1 et seq. and according to the Commercial Rules of the American Arbitration Association. <u>Without limiting the generality</u> of the foregoing, each of buyer/lessee and dealer <u>shall have the absolute right to resolve by binding arbitration all disputes between them concerning the Equipment, its sale, lease or financing</u>, and its condition, <u>including disputes concerning</u> the <u>terms</u> and conditions <u>of the</u> sale, <u>lease</u> or financing, its condition, any damage to the Equipment, the terms and meaning of any of the documents signed or given in connection with the sale, lease or financing, any representations, promises, or omissions made in connection with negotiations for the sale, lease, or financing of the Equipment, or any terms, conditions, or representations made in connection with the financing, credit life insurance, disability insurance, point spreads, and Equipment extended warranty or service contract purchased or obtained in connection therewith. (emphasis added).

Clearly, the above agreement relates to "any aspects" of the lease, including the "disputes" over the amount owing under the "terms" of the "lease" and any settlement of that "dispute" relating to the amount owing under those lease terms. The Plaintiff, David Barchanowicz, and DFS settled their dispute in connection with the amount owing on the lease, and it is the terms of this settlement of the amount owing under the lease that is the subject of this lawsuit.

   5. The arbitration agreement, as shown above, signed by Plaintiff, David Barchanowicz, and then subsequently assigned by FTOD to DFS, is extremely broad. The parties, in effect, agreed to arbitrate all disputes relating to the lease of the vehicle. Therefore, the arbitration agreement encompasses the current dispute and claims made by Plaintiff, David Barchanowicz, against DFS in this lawsuit because those claims arise out of the terms of a settlement of the dispute on what he owed to DFS under the "terms of the lease."

   6. The original signatory of the arbitration agreement, FTOD, with Plaintiff David Barchanowicz, may assign and transfer its rights under that arbitration agreement to

another. See Nissan Motor Acceptance Corp. v. Ross, 703 So. 2d 324, 326 (Ala. 1997) (holding that the assignee of an automobile retail installment contract enjoys the same right to compel arbitration as the automobile dealer with whom the plaintiff entered into the arbitration agreement). DFS is the successor in interest to MBCC, the original assignee of the arbitration agreement from FTOD. Therefore, DFS is entitled to enforce its rights under that arbitration agreement and compel arbitration of all disputes between it and Plaintiff, David Barchanowicz, including the claims of Plaintiff about settlement of the "terms" of the amount owing by Plaintiff under the lease and the indebtedness owing by Plaintiff under that lease and the terms of that settlement made the subject of the claims made by Plaintiffs against DFS in this lawsuit.

7.  The arbitration agreement and the lease were negotiated with Plaintiff contemporaneously in connection with the same transaction. Thus, it is clear that the "entire contract" relating to the vehicle made the basis of this suit includes the arbitration agreement that the Plaintiffs signed with the dealer FTOD. See Pacific Enterprise Oil Co. v. Howell Petroleum Corp., 614 So. 2d 409 (Ala. 1993) (holding that all of the documents signed contemporaneously at the time of the transaction comprise the "entire contract" governing the rights of the parties). All of the rights that FTOD had in the "entire contract," including the Lease Agreement and the arbitration agreement, were assigned to DFS. See Affidavit of Mike Owen (Exhibit "B" hereto), Affidavit of Janice Wood (Exhibit "C" hereto), and Affidavit of Denise Barrett (Exhibit "D" hereto). Since DFS has been assigned all of the rights of the dealer, FTOD, to the "entire contract," including the arbitration agreement, DFS has the right to compel arbitration of the Plaintiffs' claims. Nissan Motor Acceptance Corp. v. Ross, supra.

8.  The lease transaction between Plaintiff and DFS, including the arbitration clause, involved interstate commerce. DFS is located outside the state of Alabama and bought

and was assigned from outside the state of Alabama the "entire contract" that the Plaintiff entered into with FTOD concerning the vehicle made the basis of this suit, including but not limited to the arbitration agreement. See Affidavit of Denise Barrett attached hereto as Exhibit "D." The Plaintiff submitted a credit application to DFS outside the state of Alabama, and DFS approved outside of Alabama the Plaintiffs' credit and agreed to extend credit to Plaintiffs for the purchase of the said vehicle in Alabama. See Affidavit of Denise Barrett, attached hereto as Exhibit "D." The vehicle was manufactured outside the state of Alabama and was sent to the dealer in Alabama with a warranty covering the vehicle in all 50 of the United States. See Affidavit of Denise Barrett. To purchase the entire contract from the dealer, money was transferred from DFS's bank account outside the state of Alabama to FTOD inside the state of Alabama. (See Affidavit of Denise Barrett).

9. It is undisputed that the dealer, FTOD, assigned the Entire Contract relating to the vehicle made the basis of this suit, including the arbitration clause, to this Defendant. Therefore, this Defendant can exercise all the rights available under those contract documents, including the right to compel arbitration of the Plaintiffs' claims. See Nissan Motor Acceptance Corp. v. Ross, 703 So. 2d 324, 326 (Ala. 1997) (holding that the assignee of an automobile retail installment contract enjoys the same right to compel arbitration as the automobile dealer with whom the plaintiff entered into the arbitration agreement).

10. The claims of Plaintiff, Leland J. Barchanowicz, are clearly intertwined with those of Plaintiff, David Barchanowicz, and would also be derivative of his claims. Thus, the claims of both Plaintiffs should be arbitrated under the terms of the said arbitration agreement attached hereto as Exhibit 2 to the Affidavits of Mike Owen and Janice Wood.

11. 9 U.S.C. § 3 requires this Court to stay this lawsuit against this Defendant pending arbitration of the claims that are made in this lawsuit.

WHEREFORE, DFS prays that this Court will enter its Order compelling the Plaintiffs to arbitrate all claims in this lawsuit that have been made against the Defendant, DFS. DFS prays for all other and further relief to which it may be entitled in the premises.

> s/ C. Lee Reeves
> C. Lee Reeves
> Attorney for Defendant
> DaimlerChrysler Financial Services
> Americas LLC

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:   (205) 930-5100
Fax:   (205) 930-5335

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of May 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and I hereby certify that I have mailed by U.S. mail the foregoing to the following:

Gregory B. McCain, Esq.
Law Offices of Gregory B. McCain, P.C.
204 N. Lena Street
P.O. Box 1331
Dothan, AL 36302

W. Todd Harvey, Esq.
Whatley Drake, L.L.C.
2323 2nd Avenue North
Birmingham, AL 35203

David E. Rains, Esq.
Tanner & Guin LLC
2711 University Blvd.
P.O. Box 3206
Tuscaloosa, AL 35403-3206

Dow T. Huskey, Esq.
Law Offices of Dow T. Huskey
P.O. Drawer 550
Dothan, AL 36302

                                                s/ C. Lee Reeves
                                                Of Counsel