IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID T. & LELAND J. BARCHANOWICZ,  )<br>  )<br>    Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>FREIGHTLINER TRUCKS OF DOTHAN,  )<br>INC.; DAIMLERCHRYSLER SERVICES  )<br>NORTH AMERICA LLC; COMMERCIAL  )<br>RECOVERY SYSTEMS, INC.; and Fictitious  )<br>Party Defendants "A" through "U,"  )<br>  )<br>    **Defendants**.  ) | CIVIL ACTION NO.<br>1:05cv1232-MHT |

**PLAINTIFFS' OPPOSITION TO DEFENDANT
DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC'S
<u>MOTION TO COMPEL ARBITRATION</u>**

COME NOW, Plaintiffs David and Leland Barchanowicz ("Plaintiffs"), by and through the undersigned counsel and hereby oppose Defendant DaimlerChrysler Financial Services Americas LLC's ("DFS") Motion to Compel Arbitration and Motion to Stay or for Dismissal of These Proceedings. (Ct. Doc. 22).[1] As grounds in support thereof, Plaintiffs set forth the following.

I.    **PROCEDURAL HISTORY**

Plaintiffs filed this action in the Circuit Court of Houston County, Alabama, on November 3, 2005, and Defendant Commercial Recovery Systems, Inc. ("CRS") answered on December 22, 2005. Defendant DFS filed to remove the action to this Court

---

[1] Defendant CRS has not sought to compel arbitration, nor has it joined or adopted Defendant DFS's Motion to Compel Arbitration. As discussed herein, Plaintiffs dispute the existence, and alternatively, the application, of an arbitration agreement in this matter. However, Plaintiffs assert that even if the Court were to compel its claims against Defendant DFS to arbitration that its claims against Defendant CRS should be severed for trial, as Defendant CRS was not an assignee or successor to the alleged Arbitration Agreement. Although Plaintiffs do not argue this point further in this response, Plaintiffs respectfully reserve the right to argue and brief this issue should the Court find Defendant CRS's posture in relation to an Arbitration Agreement a relevant issue in this matter.

on December 28, 2005, and subsequently filed its answer to the Plaintiffs' Complaint on January 4, 2006. (Ct. Docs. 1 & 7). Defendant DFS filed the Motion to Compel Arbitration on May 1, 2006. (Court Doc. 22). Soon thereafter the parties filed a Joint Motion to Mediate and accordingly, the Court ordered the parties to mediation before the Federal Magistrate Judge. (Ct. Docs. 26 & 27). Notice of the mediation and settlement conference was docketed on October 11, 2006, and this matter presently remains unresolved. (Ct. Doc. 29). Because a successful mediation would have rendered Defendant DFS's Motion to Compel Arbitration moot, Plaintiffs did not respond to Defendant's Motion, and now file this opposition following the unsuccessful mediation.

## II.    FACTUAL BACKGROUND

Plaintiffs reside in Montgomery County, Alabama, and are independent contractors operating a trucking business. (See Ct. Doc. 6 at 1). In November 1998, Plaintiffs leased a Freightliner Tractor from Defendant DFS through Freightliner Trucks of Dothan Alabama ("FTD").[2] (Id. at 2; See also Ct. Doc. 22 at 1; and Ct. Doc. 22, Ex. A). In his affidavit dated March 16, 2006, Mike Owen, a former employee of FTD, states that Plaintiff David Barchanowicz signed an arbitration agreement on approximately November 12, 1998, that such an arbitration agreement accompanies the sale of all FTD trucks, and that Owen signed the arbitration agreement as a witness. (Ct. Doc. 22, Ex. B, at 2). Similarly, Janice Wood in her affidavit dated April 4, 2006, states, "I know that arbitration agreement was signed by Mr. Barchanowicz at the time." (Ct. Doc 22, Ex. C, at 2). Defendants did not and have not produced any arbitration agreement signed by Mr. Barchanowicz, claim that it has been lost, and have produced instead a blank copy of the

---

[2] Although not reflected in the style of the case, named Defendant Freightliner Trucks of Dothan, Inc., is no longer in business and was dismissed with prejudice from this action on March 30, 2006. (Ct. Doc. 21).

arbitration agreement they assert Mr. Barchanowicz signed. (Ct. Doc 22 at 1-2; see also, Ct. Doc. 22, Ex. B at Ex. 2). Plaintiff David Barchanowicz does not recall ever signing an arbitration agreement. (Aff. of David Barchanowicz at 1, attached hereto as "Exhibit A"). Plaintiff David Barchanowicz also states that he maintained all documents pertaining to the November 12, 1998, lease agreement with FTD and that he does not possess any arbitration agreement associated with the transaction. (Aff. of David Barchanowicz at 1, attached hereto as "Exhibit A"). Finally, Mr. Barchanowicz verifies in his attached affidavit that he did not execute a arbitration agreement with FTD or any other associated entities based on the facts that he maintained accurate and complete records of all documents associated with the lease transaction, that his records do not contain an arbitration agreement, and that he does not recall ever signing an arbitration agreement with FTD. (Id.).

The leased truck was defective and repeatedly required protracted and costly repairs. Thus, the truck could not operate, could not generate income, and thereby made the Lease Agreement (and the truck), of no use to the Plaintiffs. (Ct. Doc. 6 at 2-3). By agreement, the Plaintiffs voluntarily surrendered the truck to Defendant CRS, via an agent specified by Defendant DFS, on December 1, 2001. On September 9, 2002, CRS wrote a letter to the Mr. Barchanowicz offering to make "full and final settlement" of his lease account with FTD in exchange for the Plaintiffs' payment of the sum of $10,000.00. This letter provided that "all derogatory credit information regarding this account will reflect the account to be settled. Please allow ninety (90) days for credit information to be updated." (Ct. Doc. 6 at Ex. A). On September 10, 2002, the Plaintiffs wired the sum of $10,000.00 to Defendant CRS. (Id. at 3, *passim*).

3

In early 2003, the Plaintiffs learned that Defendants did not in fact report the matter as a "full and final settlement" to the credit reporting agency(s), as they previously represented to Mr. Barchanowicz, and the Plaintiffs demanded that the Defendants correct the record accordingly.  (Id. at 3).  On August 5, 2003, Plaintiff David Barchanowicz received a second letter from Defendant CRS assuring him that "[CRS] has accepted $10,000 as full an final settlement on the [account]…In addition, all derogatory credit information regarding the account will reflect the account to be settled. Please allow ninety (90) days for credit information to be updated."  (Ct. Doc. 6, Ex. C). In fact, as Defendants' counsel represented to Plaintiffs' counsel in or about August 2006, Mr. Barchanowicz's credit information was not updated until June 2006.

III.    ARGUMENT

**A. No Arbitration Agreement Exists in This Matter.**

Plaintiff David Barchanowicz cannot be subject to an arbitration agreement that does not exist.  Defendant DFS has failed to produce the very arbitration agreement it seeks to enforce.  Mr. Barchanowicz cannot be bound by the blank arbitration agreement that DFS seeks to retroactively apply without any written indication of the parties' mutual assent.  Defendant DFS's explanation of the absence of the arbitration agreement is not credible.  On the one hand, DFS claims that it is unable to produce the documents because FTD went out of business in 2000, and therefore DFS is unable to produce the file on the transaction.  On the other hand DFS did proffer the lease agreement as an exhibit to its Motion to Compel Arbitration which was undisputedly part of the same transaction, and maintenance of this document was not compromised by FTD's closure in 2000.  Furthermore, DFS does not state why FTD's closure would in any way affect

4

DFS's maintenance of its files relating to this transaction. Unlike FTD, DFS has operated continuously since the time of the transaction in November 1998 through the present. It is not credible that DFS could maintain a file which contained the lease, while at the same time manage to lose the arbitration agreement from the same file. Finally, DFS makes no assertion that all files pertaining to FTD transactions were somehow lost or destroyed because of FTD's closure. It is simply not credible that because FTD is no longer extant, that only a portion of this one file is missing as a result.

Mr. Barchanowicz affirmed in the attached affidavit that he maintained records of his lease transaction with FTD and that no arbitration agreement was contained in the paperwork. The absence of the arbitration agreement and the presence of the lease agreement in both Mr. Barchanowicz's and DFS's files leads to the reasonable inference that no such agreement exists.

      **B.**    **In the Alternative, the Applicable Contract is the September 9, 2002, Settlement Agreement from CRS which Does Not Contain an Arbitration Agreement.**

The lease document and an allegedly corresponding arbitration agreement are not the documents at issue in this case, and therefore cannot compel the Plaintiffs' claims to arbitration. Plaintiffs seek damages for Defendants' failure to accurately report credit information as they are obligated by law to do, and as they represented to Mr. Barchanowicz they would do. Defendants CRS's September 9, 2002, letter to Mr. Barchanowicz represents the agreement at issue in the case. The letter serves as a unilateral contract between Defendant DFS and its agent Defendant CRS and Mr. Barchanowicz. Defendants promise to accept full and final settlement for the leased truck, in exchange for Mr. Barchanowicz's performance of paying $10,000 to

5

Defendants. On September 10, 2002, Mr. Barchanowicz wired the $10,000 payment to Defendant CRS, as full and final settlement, and it is from Defendants' breach of this agreement with Mr. Barchanowicz that this lawsuit arises. Lastly, there was no arbitration clause or agreement as part of the September 9, 2002, letter to Mr. Barchanoweicz.

        **C.**         **In the Alternative, Plaintiffs Did Not Agree to Submit to Arbitration Any Dispute They Might Have with FTD and/or DFS Regarding Their Credit Reports and Credit History.**

Plaintiff David Barchanowicz unequivocally asserts that no arbitration agreement exists in the instant matter. However, should the Court find that a binding arbitration agreement does exist, Plaintiffs dispute whether the narrow arbitration provision in the Arbitration Agreement covers their claims against Defendant DFS and/or CRS for negative information on Mr. Barchanowicz's credit report arising out of Defendants' failure or refusal to report to the account settlement to credit reporting agencies as promised.

Despite the preference Congress and the courts have given to arbitration, it is, nonetheless, critical that the parties have explicitly agreed to arbitrate their disputes before such arbitration is compelled by a court. While recognizing the federal policy favoring enforcement of arbitration agreements, courts have refused to stretch arbitration agreements to apply to matters clearly not contemplated by the parties at the time of contracting. Old Republic Insurance Co. v. Lanier, 644 So. 2d 1258, 1260 (Ala. 1994). When it is clearly not the intention of the parties to place a given matter within the ambit of the arbitration agreement, a court may not force arbitration upon them. Chevron U.S.A., Inc. v. Consolidated Edison Co., 872 F.2d 534, 537 (2d Cir. 1989).

6

The arbitration provision contained in the sample Arbitration Agreement provides that the "Buyer/Lessee" and FTD agree to submit to arbitration:

> …all claims, demands, disputes, or controversies of every kind or nature that may arise between them concerning any of the negotiations leading to the sale, lease, or financing of the Equipment, the terms and provisions of the sale, lease or financing agreement, arrangements for financing, purchase of insurance, purchase of, extended warranties of service contracts, the performance or condition of the Equipment, or any other aspects of the Equipment and its sale, lease or financing…

(Ct. Doc. 22, Ex. B at Ex. 2).

DFS alleges in support of its motion that the arbitration agreement between the parties is sufficiently broad in scope to require arbitration of all the claims alleged by the Plaintiffs in their Complaint. Assuming, *in arguendo*, that a similar, signed agreement exists in this case, while Mr. Barchanowicz would have agreed to arbitrate all claims that may have arisen out issues pertaining to negotiation, sale, lease, financing, insurance, warranty, performance, or condition of the leased equipment, the parties never intended to cover matters or claims arising out of a separate promise with regard to the accurate reporting of credit information. When parties so tailor an arbitration clause that it is applicable only in to clearly defined situations, it indicates that the parties intended to limit the arbitrable issues to those specified. United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 584-85, 80 S.Ct. 1347, 1353-54, 4 L.Ed.2d 1409 (1960).

In order to determine whether the Plaintiffs' claims regarding accurate credit reporting against DFS and CRS fall within the scope of the arbitration clause, this Court must determine the extent to which the claim refers to disputes or controversies relating to the lease and performance of the Freightliner Diesel Tractor, VIN No.

7

1FUYSSZB9XPA10567. It is clear that the Plaintiffs' Complaint, alleging Defendants' breach of promised accurate credit reporting and subsequent inaccurate credit reporting which damaged Plaintiffs' ability to secure credit, does not fall within the scope of the arbitration clause. Therefore, this Court should deny DFS's motion to compel arbitration because the Plaintiffs' claims against Defendants regarding inaccurate credit reporting do not fall within the narrower arbitration provision of the Arbitration Agreement Defendants allege they executed in relation to the lease of the Freightliner Diesel Tractor.

## CONCLUSION

WHEREFORE, premises considered, Plaintiffs respectfully request that this Honorable Court deny Defendant DaimlerChrysler Financial Services Americas, LLC's Motion to Compel Arbitration.

Respectfully Submitted,


/s/   Anil A. Mujumdar
Anil A. Mujumdar
*Attorneys for the Plaintiffs*

**OF COUNSEL:**

| | |
|---|---|
| W. Todd Harvey | Gregory B. McCain, Esq. |
| **Whatley Drake & Kallas, LLC** | **Law Offices of Gregory B. McCain, P.C.** |
| 2323 2nd Avenue North | 204 North Lena Street |
| Post Office Box 10647 | P.O. Box 1331 |
| Birmingham, Alabama 35202-0647 | Dothan, Alabama 36302 |
| Telephone:    (205) 328-9576 | Telephone:    (334) 673-8522 |
| Facsimile:    (205) 328-9669 | Facsimile:    (334) 673-1422 |
| Email: ecf@whatleydrake.com | Email: gmccain@graceba.net |

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 3, 2006, I electronically filed the foregoing, and the attached affidavit, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following to all counsel of record.

Justin G. Williams, Esq.
Tanner & Guin, LLC
2711 University Blvd.
P.O. Box 3206
Tuscaloosa, Alabama 35403-3206
drains@tannerguin.com

C. Lee Reeves, Esq.
Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, Alabama 35205
lreeves@sirote.com

                                                /s/ Anil A. Mujumdar
                                                OF COUNSEL