IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID T. and LELAND J. BARCHANOWICZ, </br></br>Plaintiffs, </br></br>v. </br></br>FREIGHTLINER TRUCKS OF DOTHAN, INC., DAIMLERCHRYSLER SERVICES NORTH AMERICA LLC, et al., </br></br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) </br></br>CASE NO. 1:05-CV-1232 |

## REPLY TO OPPOSITION TO MOTION TO COMPEL ARBTIRATION

COMES NOW DaimlerChrysler Financial Services Americas LLC f/k/a DaimlerChrysler Services North America LLC ("DFS"), one of the Defendants in this matter, and replies as follows to the Plaintiffs' Opposition to Motion to Compel Arbitration:

1. On May 1, 2006, DFS filed a Motion to Compel Arbitration, seeking to compel arbitration of the Plaintiffs' claims against it.

2. As explained more fully in that Motion, Plaintiff David Barchanowicz signed a written arbitration agreement in connection with the lease at issue in this case and that the lease and the arbitration agreement were assigned to Mercedes-Benz Credit Corporation ("MBCC"). See Motion to Compel Arbitration and Exhibits thereto. Unfortunately, due to the dissolution of Freightliner Trucks of Dothan (the "dealer") and MBCC's subsequent merger into DFS, both the dealer and DFS have misplaced and are unable to locate a signed copy of the written arbitration agreement. See id. DFS, however, was able to submit an unsigned copy of the arbitration agreement establishing the terms of the arbitration agreement. See id. DFS also

DOCSBHM\1446432\1\

submitted affidavit evidence establishing not only that the dealer did not sell or lease any vehicle during the relevant time period without the customer signing this standard arbitration agreement but also providing eye witness evidence specifically confirming that David Barchanowicz, himself, signed the standard arbitration agreement in connection with the lease in question. See id.

3. On November 3, 2006 (six months after DFS filed its Motion to Compel Arbitration), the Plaintiffs filed an Opposition to DFS's Motion to Compel Arbitration, arguing that DFS's Motion should be denied because DCS did not produce a signed agreement and because David Barchanowicz does not recall signing such an agreement. See Plaintiffs' Opposition to Motion to Compel Arbitration.

4. While a party seeking to compel arbitration bears the burden of establishing the existence of such an agreement, it does not lose its right to compel arbitration merely because the arbitration agreement is subsequently lost or destroyed. See, e.g., Banks v. Mitsubishi Motors Credit of America Inc., 156 Fed.Appx. 710, 712 (5th Cir. 2005). Rather, the existence and terms of an arbitration agreement can, like any other document, be proven by parol or other outside evidence if the original document can not be located. See, e.g., id.; Rule 1004(1), Fed. R. Evid.; see generally, Sims v. Callahan, 269 Ala. 216, 112 So.2d 776 (Ala. 1959) ("Secondary evidence becomes admissible where the writing containing or constituting the primary evidence of the fact to be proved is satisfactorily shown to have been lost or destroyed without the fault of the party desiring to prove the fact and where, in the case of a lost instrument, the party has made a proper search for the instrument.").

5. The circumstances at issue in this case are remarkably similar to those at issue in Banks. That case also arose out of a vehicle financing agreement. See Banks, 156 at

711. As in this case, the original signed arbitration agreements in question could not be located. See id. The finance company, however, introduced an affidavit from the dealership establishing that the dealership required every customer to execute its standard arbitration agreement and that the plaintiffs in that case could not have purchased the vehicles in question in that case without having signed their standard arbitration agreements. See id. Nonetheless, the trial court denied the finance company's Motion to Compel Arbitration, holding that the finance company failed to show that there existed a valid agreement to arbitrate between the parties because it had not produced the original signed arbitration agreements. See id. The Fifth Circuit Court of Appeals, however, reversed that decision, holding that the finance company had proven by a preponderance of the evidence that the parties had agreed to arbitrate their disputes. See id. Accord, Johnson v. Long John Silver's Restaurants, Inc., 320 F.Supp. 656, 664 n5 (M.D. Tenn. 2004) (rejecting argument that party must produce signed arbitration agreement in order to prove existence of arbitration agreement).

      6.     In this case, the unrefuted affidavit testimony of the dealer's employees that was submitted by DFS established not only that all customers were required to execute the dealer's standard arbitration agreement but also confirming that David Barchanowicz, himself, specifically signed the dealer's standard arbitration agreement in connection with the specific lease at issue in this case. See Motion to Compel Arbitration and Exhibits thereto. Indeed, Mike Owen expressly testifies that Mr. Barchanowicz signed the agreement in his presence and that Mr. Owen signed it as the witness. See Affidavit of Mike Owen, Exhibit B to Motion to Compel Arbitration. Janice Wood also confirms that both Mr. Barchanowicz and Mr. Owen signed the specific agreement in question. See Affidavit of Janice Wood, Exhibit C to Motion to Compel Arbitration.

7. In their Opposition, the Plaintiffs claim only that Mr. Barchanowicz does not remember signing such an agreement and can not find a copy of such an agreement in his own files. See Opposition to Motion to Compel Arbitration. This assertion, however, is simply insufficient to overcome DFS's unequivocal evidence to the contrary. See generally, Southern United Fire Ins. Co. v. Howard, 775 So.2d 156 (Ala. 2000) ("[W]e do not consider Howard's equivocal statement that he does not recall receiving a copy of the policy to be substantial evidence that he did not receive the policy.").

8. The Plaintiffs also argue that the terms of the arbitration are not broad enough to encompass the particular claims that they have raised in this case. See Opposition to Motion to Compel Arbitration. The Federal Arbitration Act "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration" Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

9. The arbitration agreement at issue in this case is extremely broad and specifically extends to "all claims, demands, disputes, or controversies *of every kind or nature* that may arise between them concerning ... the terms and provisions of the ... lease or financing agreement, arrangements for financing, ... or any other aspect of the Equipment and its sale, lease or financing...." See, e.g., Motion to Compel Arbitration and Exhibit 2 to Exhibits B and C thereto (emphasis added).

10. In their Complaint, the Plaintiffs allege that DFS promised, as part of a modification and early termination of the lease in question, to report that the lease account had been paid as a full and final settlement of the lease. See Complaint. Accepting *arguendo* the veracity of this allegation, the early termination agreement in general and this alleged representation in particular became part of "the terms and provisions of the ... lease or financing

agreement" and/or the "arrangements for financing." Indeed, the Plaintiffs concede as much in their Complaint by arguing that these provisions "replaced the terms of the prior existing contract." See Complaint at ¶ 22. In any event, DFS's handling of the lease account, including the termination of the lease and any reporting of the status of the lease account to credit reporting agencies, is certainly an "aspect of the Equipment and its sale, lease or financing." See, e.g., Ex parte Shamrock Food Service, Inc., 514 So.2d 921 (Ala. 1987) (holding that disputes concerning the termination of a contract were covered by the contract's arbitration clause); Rive v. Briggs of Cancun, Inc., 82 Fed.Appx. 359, 363 (5th Cir. 2003) ("[A]n arbitration agreement contained in a contract does not terminate merely because the contract has terminated."). Therefore, the Plaintiffs claims against DFS, all of which are based in whole or in part on the alleged representation above, are clearly covered by terms the arbitration agreement in question.

11. Finally, the Plaintiffs note that the letter in which this representation was purportedly made did not contain a separate and additional arbitration clause. That "fact," however, is irrelevant because the parties already had a written arbitration agreement that covered their dispute and there is nothing in the cited letter that purports to limit or extinguish that previously contracted for right. See, e.g., Berkery v. Cross Country Bank, 256 F.Supp.2d 359 (E.D.Pa. 2003) (holding, in a case a substantially identical to this case, that "the Credit Card Agreement's arbitration clause survived the purported settlement agreement that addressed Berkery's debt...."); Homestake Lead Co. of Missouri v. Doe Run Resources Corp., 282 F.Supp.2d 1131 (N.D.Cal. 2003) ("Absent the explicit intention to rescind an arbitration clause, however, the clause will survive even where the prior agreement itself is rescinded by the latter agreement."); AmSouth Bank v. Dees, 847 So.2d 923 (Ala. 2002) (holding that a credit

agreement and the arbitration clause therein "survived intact the alteration of the indebtedness it evidenced").

WHEREFORE, DFS prays that this Court will enter its Order compelling the Plaintiffs to arbitrate all claims in this lawsuit that have been made against the Defendant, DFS. DFS prays for all other and further relief to which it may be entitled in the premises.

>               s/Anthony R. Smith
>               C. Lee Reeves
>               Attorneys for Defendant
>               DaimlerChrysler Financial Services
>               Americas LLC

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:  (205) 930-5100
Fax:   (205) 930-5335

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gregory B. McCain, Esq.
Law Offices of Gregory B. McCain, P.C.
204 N. Lena Street
P.O. Box 1331
Dothan, AL  36302

W. Todd Harvey, Esq.
Anil A. Mujumdar, Esq.
Whatley Drake, L.L.C.
2323 2nd Avenue North
Birmingham, AL  35203

Justin G. Williams, Esq.
Tanner & Guin LLC
2711 University Blvd.
P.O. Box 3206
Tuscaloosa, AL  35403-3206

                                                  s/ Anthony R. Smith
                                                  Of Counsel